DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} James Ball was convicted of domestic violence for causing physical harm to Mary Timmons, the mother of his son. According to Ms. Timmons, Mr. Ball threw a candle at her that struck her in the ribs and caused swelling and a bruise. The question on appeal is whether the fact that the candle was neither in evidence nor described at trial, coupled with the fact that Ms. Timmons testified that the candle struck her on the left side while a police photograph showed her injury on the right side, renders Mr. Ball's conviction against the manifest weight of the evidence. This Court affirms Mr. Ball's conviction because it cannot conclude that the trial court lost its way and created such a manifest miscarriage of *Page 2 
justice by convicting him that his conviction must be reversed and a new trial ordered.
 I. {¶ 2} At one time, Mr. Ball and Ms. Timmons shared an apartment at Wilkes Villa. By April 28, 2005, however, he had been gone from the apartment for several months. On that morning, Ms. Timmons was working in the kitchen of the apartment when she was startled to see Mr. Ball in the hallway that led to the living room. She picked up the telephone with her left hand and a knife with her right hand and told him she was going to call the police. At that point, he turned, and she thought he was leaving the apartment. As she was completing a telephone call to either the police or her father, he reappeared and threw an object that struck her in the ribs. Although she did not immediately know what Mr. Ball had thrown at her, she found a candle in the kitchen that had previously been in the living room and concluded that it had been what had struck her. Ms. Timmons reported the incident to the police and they took photographs of her that showed a mark on the right side of her ribcage. At trial, she testified that she thought the candle had struck her on the left side.
 II. {¶ 3} Mr. Ball was indicted for domestic violence, a violation of Section 2919.25(A) of the Ohio Revised Code. He waived his right to a jury and was tried *Page 3 
to the court, which found him guilty. He appealed to this Court and has assigned one error.
 III. {¶ 4} Mr. Ball's sole assignment of error is that his conviction is not supported by the weight of the evidence. He has suggested that the State's failure to proffer the candle as evidence or have Ms. Timmons describe it, coupled with Ms. Timmons's confusion about where she was struck, renders his conviction against the manifest weight of the evidence.
 {¶ 5} When a defendant argues that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record:
 [A]n appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App. 3d 339, 340. This Court has reviewed and weighed the evidence that was before the trial court and concluded that Mr. Ball's conviction was not against the manifest weight of the evidence.
 {¶ 6} Mr. Ball has suggested that the trial court lost its way by finding that he had acted knowingly in causing or attempting to cause physical harm to Ms. Timmons. He has argued that, without any testimony describing the candle or the candle itself in evidence, the trial court could not have reasonably concluded that *Page 4 
the candle was of sufficient size and weight that Mr. Ball would have known that it would probably cause an injury to Ms. Timmons. The trial court, however, could infer from the fact that the candle did cause an injury that it was of sufficient size and weight that Mr. Ball would have recognized that it would probably do so.
 {¶ 7} He has also suggested that Ms. Timmons's confusion at trial about whether the candle struck her on the right or left side rendered all of her testimony "not credible." According to him, "if this frightening incident caused an injury that lasted two weeks, she would have recalled with more specificity the location of her injury." The problem with this argument is that there is no doubt that Ms. Timmons suffered an injury. It was shown by the police photographs that were admitted at trial. The fact that she mistakenly testified that it had been on the left side instead of the right side shows that her memory was faulty in that regard, but it does not compel a conclusion that she was lying about the cause of her injury, wherever it was located.
 III. {¶ 8} Mr. Ball's sole assignment of error is overruled. The judgment of the trial court is affirmed.
 Judgment affirmed. *Page 5 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, P. J. and WHITMORE, J., CONCUR. *Page 1